IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONEXUS METALS, LLC,                )
                                    )
    Plaintiff,                     )
                                    )
    v.                             )      Civil Action No. 2:24-cv-1770-AJS
                                    )
CRH CANADA GROUP, INC.,             )
                                    )
    Defendant.                     )

**REPORT AND RECOMMENDATION OF SPECIAL MASTER LENIHAN REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES AWARDED ON PLAINTIFF'S MOTION TO COMPEL DISOVERY AND FOR SANCTIONS (ECF No. 58)[1]**

**I.    BACKGROUND**

This is a commercial litigation case involving a breach of contract.  (ECF No. 1).  On October 3, 2025, Plaintiff filed a Motion to Compel Discovery and for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.  (ECF No. 42).  On November 3, 2025, I was appointed as Special Master by the Honorable Arthur J. Schwab to resolve the Motion to Compel.  (ECF No. 46).  On December 2, 2025, after careful consideration of the Motion to Compel and related documents and arguments, I recommended the Motion to Compel and for Sanctions be granted in part and denied in part.  (ECF No. 47).  Among other things, I recommended that Plaintiff be awarded fees, costs, and expenses incurred in connection with the preparation and taking of the three original corporate designee 30(b)(6) depositions.[2]  *Id.*  Additionally, I recommended that Plaintiff be awarded legal fees, costs, and expenses incurred in connection with the preparation of the Motion to Compel and for Sanctions.  *Id.*

On December 30, 2025, Judge Schwab adopted my Report and Recommendation "in whole" and, further, ordered that "[i]n the event the parties are unable to reach agreement on the reasonable fees[,]

---

[1] ECF No. 58 is the sealed version of ECF No. 57 and contains unredacted information.

[2] A full recitation of the background is set forth in my Report and Recommendation on the Motion to Compel and for Sanction and is incorporated by reference herein.  *See,* ECF No. 47.

expenses and costs, the parties shall file a Motion for Attorney's Fees with Responsive documents(s)…" (ECF No. 50). The parties were unable to agree upon fees and costs. As a result, on February 10, 2026, Plaintiff filed a Motion for Attorney's Fees, Costs and Expenses Awarded on Plaintiff's Motion to Compel Discovery and for Sanctions seeking the total amount of $112,494.51. (ECF No. 58). On February 24, 2026, Defendant filed a Response Brief to Plaintiff's Motion for Attorney's Fees, Costs and Expenses. (ECF Nos. 62 and 63).[3] On March 10, 2026, Judge Schwab referred the matter to me as Special Master to resolve the same. (ECF No. 66). With the consent of counsel, I spoke with each party about mediating this issue. Both declined mediation and requested a ruling.

Upon initial research in preparation for ruling on the same, I found supplemental briefing and evidence was required regarding the reasonableness of the hourly rate. As a result, I issued a Memorandum Order requiring the parties to file supplemental briefs/evidence regarding the hourly rates requested. (ECF No. 67). In accordance with the same, Plaintiff filed a Reply Brief with Exhibits on March 27, 2026. (ECF Nos. 70 and 71).[4] On April 6, 2026, Defendant filed a Notice and Sur-Reply. (ECF No. 74).

After careful consideration, as set forth more fully below, I recommend that Plaintiff's Motion for Attorney's Fees, Costs and Expenses (ECF No. 58) be granted in part and denied in part.

## II.     ANALYSIS

Generally speaking, courts apply the lodestar method of calculating reasonable attorney's fees awarded as discovery sanctions under Rule 37. *Ganoe v. Austin,* No. 1:20-cv-00663, 2023 WL 4029871, at 2 (M.D. Pa. June 15, 2023); *Donaldson v. Informatica Corp.,* Civ. Action No. 09-804, 2011 WL 3360200, at *1 (Aug. 3, 2011), citing *Johnson v. EMC Mortgage Corp.,* Adversary No. 02-0030, 2005 WL 6508307, at *2 (Bkrtcy. E.D. Pa. Feb. 14, 2005). The lodestar method is well-established.

> The lodestar formula requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 176 (3d Cir.2001). "A

---

[3] ECF No. 63 is the sealed version of ECF No. 62 and contains unredacted information.

[4] ECF No. 71 is the sealed version of ECF No. 70 and contains unredacted information.

> District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." *Lanni v. New Jersey,* 259 F.3d 146, 149 (3d Cir.2001). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 703 n. 5 (3d Cir. 2005).

*Donaldson,* at *1.

In this case, Plaintiff contends that three attorneys and one paralegal spent 127.1 hours working on matters related to the three 30(b)(6) deposition totaling $58,542.50 and $9,761.01 in costs/expenses. (ECF No. 58). Additionally, Plaintiff contends its attorneys and paralegal spent 74.7 hours working on the preparation and presentation of the Motion to Compel and for Sanctions totaling $36,531.00 along with $7,660.00 in costs. (ECF No. 58). The total amount sought in Plaintiff's Motion for Attorney's Fees is $112,494.51. *Id.*

Plaintiff argues that its hourly rates and hours expended are reasonable. *Id.* I will address each in turn.

### A.      Reasonableness of Hourly Rates

With regard to hourly rate specifically, the court must determine the "reasonable hourly rate." *Pocono Mountain Sch. Dist. v. T. D.,* No. 22-1787, 2023 WL 2983501, at *4 (3d Cir. Apr. 18, 2023). The Third Circuit has held:

> The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case. Once the plaintiff has carried this burden, defendant may contest that prima facie case only with appropriate record evidence. In the absence of such evidence, the plaintiff must be awarded attorney's fees at her requested rate. **If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates.**

*Id.,* quoting, *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997) (internal citations omitted) (bolded emphasis in original).

To be clear, a court must rely on the record for what constitutes a reasonable rate and may not make the factual determination based on "a generalized sense of what is customary or proper." *Pocono Mountain,* at * 4; *Revzip, LLC v. McDonnell,* Civ. Action No. 3:19-cv-191, 2025 WL 4111855 (W.D. Pa. Dec. 17,

2025). Without record evidence, a court does not have a basis to make a determination. *See, Clemens v. New York Central Mutual Fire Ins. Co.,* 903 F.3d 396, 402 (3d Cir. 2018) (no fee awarded where, *inter alia,* petitioners failed to submit their own affidavits, let alone testimony of the rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation); *see also, Revzip,* at *3 (petition denied where petitioning attorney offered affidavit of his experience and the experience of the associate attorneys and paralegals who worked the case but did not provide any evidence of the prevailing rates in the Johnstown area). A court may not rely simply on what an attorney has been awarded in previous cases or on his/her own affidavit. *Pocono Mountain,* at *4; *see also, Clemens,* 903 F.3d at 402. Rather, a court "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).

It is the burden of the petitioning counsel to establish, "by way of satisfactory evidence, in addition to [their] own affidavits, ... that the requested hourly rates [met] this standard.'" *Clemens,* 903 F.3d at 402, quoting, *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). This is normally accomplished by the submission of affidavits from each attorney seeking fees setting forth their experience, skills, and reputation along with "affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience." *Stadler v. Abrams,* No. CV13-2741, 2018 WL 3617967, at *2 (D. N.J. July 20, 2018, aff'd, 785 F. App'x 66 (3d Cir. 2019).

In this case, Plaintiff is seeking attorney's fees at the rate of $700/hour for attorney Henry M. Sneath,[5] $360/hour for attorney Christopher M. Jacobs,[6] and $250/hour for attorney Tyler C. Park. (ECF Nos. 58 and 71). Plaintiff also requests fees at the rate of $225/hour for the paralegal services of Tina L. Torok. *Id.* In its original Response, Defendant did not specifically state that it was contesting the hourly

---

[5] Attorney Sneath's current rate for commercial cases is up to $950/hour. (ECF No. 71, Exhibit 1). In this case, his rate is discounted to $700/hour because, *inter alia,* that is a rate he charges small businesses. *Id.* at p. 5.

[6] Attorney Jacobs' current and customary rate for complex commercial matters is $550/hour. (ECF No. 71, Exhibit 2). Since Attorney Sneath is lead counsel in this matter, Attorney Jacobs is charging a reduced rate of $360/hour. *Id.* at p. 2.

rate proffered by Plaintiff.  See, ECF No. 58.  Rather, in a conclusory fashion and without citation to any caselaw, Defendant suggested that an "average blended rate" should be used.[7]  (ECF No. 58).  Upon review of briefing of the parties, I found there was no record evidence as to the reasonableness of the hourly rates. Therefore, I ordered Plaintiff to file a Reply Brief in Support of its Motion for Attorney's Fees, Costs and Expenses along with satisfactory evidence to address the issue of the reasonableness of the hourly rate requested for each of the attorneys seeking fees.  (ECF No. 67).  Additionally, I ordered Defendant to file either a Sur-Reply to Plaintiff's Supplemental Brief disputing the same with sufficient record evidence, or a Notice to the Special Master stating that it does not intend to dispute the hourly rates sought by Plaintiff. *Id.*

Thereafter, Plaintiff filed a Reply Brief and attached the declarations of attorneys Sneath and Jacobs as evidence to support the same.  (ECF No. 71, Exhibits 1 and 2).  Upon receipt and review of this evidence, Defendant filed a Notice stating that it does not dispute the hourly rates requested by Plaintiff.  (ECF No. 74).  Thus, I find a hearing is no longer necessary.  *Pocono Mountain Sch. Dist.,* 2023 WL 2983501, at *4.

Based on my review of the submitted evidence, I find that the hourly rates requested by Plaintiff are within the prevailing market rates in this community for the attorneys with the breadth of experience in commercial litigation like Attorneys Sneath (42 years of experience) and Jacobs (24 years of experience), as well as for the junior attorney, Tyler Park.[8]  *See,* ECF No. 71, Exhibits 1 and 2.  Furthermore, I find that both Attorney Sneath and Attorney Jacobs have decades of experience litigating complex matters involving commercial litigation.  *Id.*  Among other things listed in their declarations to demonstrate their skill, experience, and reputation, they have both been recognized by Best Lawyer and Super Lawyers.  *Id.*  They

---

[7] Defendant devised its "average blended rate" "by dividing the total billed amount by the total hours to determine the average rate amongst timekeepers."  (ECF No. 58, n. 3).  I find no case law to support the use of an average "blended rate."

[8] Although case law generally holds that the attorney's own affidavit in support of the rate is not sufficient evidence alone (*see, Pocono Mountain,* at *4), I will accept the submission of Attorney Sneath citing to the declarations of other attorneys from other cases discussing the prevailing commercial litigation rates in western Pennsylvania given that Defendant does not dispute the hourly rates requested by Plaintiff.

both have represented large corporations and have both tried cases in Pennsylvania state and federal courts. *Id.* Thus, I find Plaintiff has sufficiently established the reasonableness of their requested hourly rates.

THEREFORE, based on the above, I respectfully recommend that the following rates are reasonable and that they be used in calculating the appropriate lodestar:

Attorney Henry M. Sneath: $700/hour;
Attorney Christopher M. Jacobs: $360/hour;
Attorney Tyler C. Park: $250/hour; and
Paralegal Tina L. Torok: $225/hour.

**B.        Reasonableness of Hours Expended**

The lodestar formula requires that I next determine the number of hours reasonably expended.  A party requesting fees "must document the hours for which payment is sought 'with sufficient specificity to allow the District Court to determine whether the hours claimed are unreasonable for the work performed.'" *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001), quoting *Washington v. Philadelphia County Court of Common Plea*, 89 F.3d 1031, 1037 (3d Cir. 1996).  It is the role of the district court to review the entries objected to by the opposing side to "'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id*., quoting *Pub. Int. Research Group of N.J., Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir.1995)).  In so doing, however, a court cannot reduce attorney's fees *sua sponte. D'Orazio v. Washington Twp.,* 501 Fed. App'x 185, 188 (3d Cir. 2012), citing *Bell v. United Princeton Props., Inc.,* 884 F.2d 713, 719 (3d Cir.1989); *Interfaith Cmty. Org.*, 426 F.3d at 711.

In other words, "[a] prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case; rather, a court awarding fees must 'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary.' " *Interfaith Cmty. Org.* 426 F.3d at 711, quoting *Windall*, 51 F.3d at 1188.  Simply stated, "[a] district court should exclude  hours that are not reasonably expended." *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001), quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990).  Along those lines, the Third Circuit has explained:

6

> "Hours that would not generally be billed to one's own client are not properly billed to an adversary." *Id.* "[T]he district court retains a great deal of discretion in deciding what a reasonable fee award is...." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.1989). We have recognized that "[i]n determining whether the fee request is excessive ... the court will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *Id.*

*Evans*, 273 F.3d at 362.

At issue here are the attorney's fees associated with the taking of the three original 30(b)(6) depositions and for those associated with the preparation of the Motion to Compel and for Sanctions. (ECF No. 47). Thus, in support of its Motion for Attorney's Fees, Plaintiff submitted two itemized time logs of its hours expended on these tasks – one related to the three 30(b)(6) depositions and one related to the Motion to Compel and for Sanctions. *See,* Exhibits attached to ECF No. 58. Based on the same, Plaintiff seek fees for 127.1 hours of attorney and paralegal work associated with the preparation of and taking of three 30(b)(6) depositions and 74.7 hours for attorney and paralegal work associated with the preparation of the Motion to Compel and for Sanctions. (ECF No. 58).

In response, and contrary to Plaintiff's numerous assertions otherwise, Defendant made clear and specific objections to the reasonableness of the hours expended by Plaintiff's counsel. (ECF No. 63). With the standards set forth above, I will address the specific objections raised by Defendant.

### 1.    Duplicative Billing

In relation to fees associated with the 30(b)(6) depositions, Defendant first argues that the billing of two attorneys for the same depositions is duplicative. (ECF No. 63). Specifically, Defendant argues that it is unreasonable and redundant to have both Attorney Sneath and Attorney Jacobs attend all three 30(b)(6) depositions.[9]  *Id.*  Defendant contends that this amounts to double billing and should not be permitted. *Id.*

In response, Plaintiff argues that there is no rule prohibiting two attorneys from attending depositions. (ECF No. 71). Plaintiff further submits that given the numerous topics and the importance of

---

[9] The three 30(b)(6) deponents are Mr. Mischorr, Ms. Manolas and Ms. Mosley.

the 30(b)(6) depositions, attendance of two attorneys was appropriate.[10] *Id.*  Thus, Plaintiff contends that the attendance of both Attorney Sneath and Attorney Jacobs at the 30(b)(6) depositions was reasonable. *Id.* In Reply, Defendant suggests that Plaintiff "overlooks the distinction between staffing decisions that client and counsel agree are appropriate for strategic or other reasons and fees that can fairly be assessed against an opposing party." (ECF No. 74, p. 4).

The three 30(b)(6) depositions at issue took place September 3-5, 2025.  Reviewing the time logs, Attorney Sneath and Attorney Jacobs billed as follows for attendance at each of the depositions:

|  | Mr. Mischorr | Ms. Manolas | Ms. Mosley | Total |
|---|---|---|---|---|
| Attorney Sneath | 6.2 | 6.6[11] | 6.5 | 19.3 |
| Attorney Jacobs | 6.2 | 6.6 | 5.9 | 18.7 |

*See*, ECF No. 58, Exhibit.  Thus, there is no doubt that both Attorney Sneath and Attorney Jacobs bill for the exact same tasks of attending and participation in the three 30(b)(6) depositions. *Id.*

"'[P]revailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist.'" *Poff v. Prime Care Med., Inc.,* No. 1:13-CV-03066, 2016 WL 3254108, at \*8 (M.D. Pa. June 14, 2016) quoting *Gentner v. Cheyney Univ. of Pennsylvania*, Civ. A. No. 94-7443, 1999 WL 993999, at \*6-7 (E.D. Pa. Nov. 2, 1999) (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983)).  Nonetheless, courts often disallow fees associated with a second attorney's attendance at a deposition.  *See, e.g. D'Orazio v. Washington Twp.,* Civ. A. No. 07-5097 JEI, 2011 WL 6717427, at \*6 (D.N.J. Dec. 21, 2011) (concluding

---

[10] Plaintiff also argues, without citation to evidence of record, that having two attorneys attend a deposition is not "out of the norm in Pittsburgh for large commercial" cases. (ECF No. 71, p. 10).  In support of this notion, Plaintiff submits that Defendant also had two counsel present for the deposition of James Perko. *Id.*  The undersigned does not venture to guess if and/or why Defendant decided to have two attorneys attend that deposition or even if Defendant billed its client for the attendance of two attorneys.  Simply put, the issue in this case does not concern how many attorneys Defendant had present at any deposition.  Rather, the issue is the reasonableness of Plaintiff billing its client for the attendance of two attorney at three 30(b)(6) depositions in this case and seeking compensation from Defendant for the same.  Consequently, I find no merit to this argument.

[11] Attorney Sneath billed 8.5 hours for attendance at Ms. Manolas' deposition, but this log entry also includes time for a follow-up meeting and preparation for the next deposition. *See,* ECF No. 58, Exhibit.  Attorney Sneath did not separate his time for each task.  It is reasonably presumed, however, that the amount of time for attendance at Ms. Manolas' disposition by Attorney Sneath was the same as Attorney Jacobs, 6.6 hours.

that because each attorney had over twenty years of experience, attendance by both at depositions was unreasonable and reducing hours for duplicative work), aff'd in part and remanded in part (on other grounds), 501 Fed. App'x. 185 (3d Cir. 2012); *Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Tr. v. Castellano,* 164 F. Supp. 3d 705, 717 (E.D. Pa. 2016); *Shaw v. Cumberland Truck Equip. Co.*, Civ. A. No. 09-359, 2012 WL 1130605, at *5 (M.D. Pa. Mar. 30, 2012); *Choike v. Slippery Rock Univ. of Pennsylvania of the State Sys. of Higher Educ.*, Civ. A. No. 06-622, 2007 WL 3120097, at *12-13 (W.D. Pa. Oct. 22, 2007) (Court disallowed second attorney's fees for attendance at same depositions as duplicative, excessive, and redundant finding that the lead attorney commanded a high billing rate given her experience such that it was "only fair to expect" that the lead attorney was able to conduct the depositions on her own.); *Sheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538 (E.D. Pa. 2003*); Becker v. ARCO Chem. Co.,* 15 F. Supp. 2d 621, 633 (E.D. Pa. 1998).

Other courts, including Judge Schwab, have allowed fees associated with a second attorney's attendance at a deposition. *See, e.g. Horizon House, Inc. v. E. Norriton Twp.*, No. CV 19-1252, 2023 WL 1765912, at *5 (E.D. Pa. Feb. 3, 2023); *Gerszten v. Univ. of Pittsburgh Cancer Inst. Cancer Centers*, No. 08CV1280, 2009 WL 5103160, at *4 (W.D. Pa. Dec. 15, 2009)(Schwab, J.)("Based upon the Court's many years as a trial attorney, the Court finds it quite reasonable and neither redundant nor excessive to have an associate or second chair at depositions in order to assist with documents/organization, and to assist in follow-up questioning of the deponent.").

To be clear, "[a] reduction for duplication 'is warranted only if the attorneys are *unreasonably* doing the *same* work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187–88 (3d Cir. 1990), quoting *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988) (emphasis original) (quoting *Johnson v. University College,* 706 F.2d 1205, 1207 (11th Cir.), *cert. denied,* 464 U.S. 994 (1983)).  When the presence of two attorneys is reasonable, the Third Circuit has provided the following guidance:

> These instances of precise overlap in both time and task cause us to conclude that the time claimed is not reasonable for the services performed. "Given [these attorneys'] professed expertise..., it would not have been unreasonable to expect" that one of them would have been able to handle most aspects of this matter, *including* the trial "alone or with the help of an associate." *Lanni v. New Jersey,* 259 F.3d 146, 151 (3d Cir. 2001). For those tasks

> where it is abundantly clear that the time of two attorneys was reasonably required, we have suggested that "awarding fees for [one partner's] time multiplied by an associate's rate may be justifiable." *Id.* Given the fairly straightforward nature of this case, we anticipate that the District Court will find that few tasks required the full participation of both attorneys.

*Evans*, 273 F.3d at 362. Thus, in instances where fees for two attorneys are reasonable for performing the same task, both attorneys should not bill at the same high partner rate. *Id.*

In reviewing the facts and circumstances particular to this case, I find that it is not such a complex commercial litigation case that two attorneys were necessarily required at the three depositions. The three depositions at issue, however, were of the 30(b)(6) corporate designee depositions and covered more than 20 different topics. Furthermore, the underlying issue resulting in the award of fees for the 30(b)(6) deposition involved the extremely untimely disclosure of the vast majority of documents produced which infected the entire discovery process. (ECF No. 47). Defendant's actions were found to be in complete disregard of the Rules and Judge Schwab's orders. *Id.* "With less than 10% of the documents for virtually the entire discovery period, Plaintiff was operating with its hands tied behind its back." *Id.* at 6. This includes the time when Plaintiff deposed the three 30(b)(6) corporate designees. Given the important nature surrounding 30(b)(6) depositions coupled with the difficulties in preparing for and taking the depositions resulting from Defendant's inadequate production of documents, I find it was not unreasonable for both Attorney Sneath and Attorney Jacobs to attend the three 30(b)(6) depositions. *Gerszten v. Univ. of Pittsburgh Cancer Inst. Cancer Centers*, No. 08CV1280, 2009 WL 5103160, at *4 (W.D. Pa. Dec. 15, 2009)(Schwab, J.). Additionally, while both Attorney Sneath and Attorney Jacobs attended the three depositions, they did not bill at the same high partner rate. Rather, Attorney Jacob's fee is at a lower, support attorney rate of $360/hour. Consequently, I do not find a reduction is warranted.

THEREFORE, based on the above, I do not recommend a reduction for the attendance of a second attorney at the three 30(b)(6) corporate designee depositions in this case.

### 2.        Excessive, Disproportionate Billing Ratio

In relation to the fees associated with the 30(b)(6) depositions, Defendant argues that the ratio of preparation time to the total length of deposition time in this case is excessive and disproportionate warranting a reduction.  (ECF No. 63).  In support of this proposition, Defendant cites to *Donaldson v. Informatica Corp.,* Civ. A. No. 09-804, 2011WL 3360200 (W.D. Pa. August 3, 2011).  The court in *Donaldson* found that 49.3 hours of preparation time was patently unreasonable compared to the fact that the length of the depositions took 5 hours.  *Id.* at *4.  This computes to a ratio of 9.86 hours of preparation time to 1 hour of deposition time.[12]  Defendant herein suggests the ratio in this case is 8.01 to 1, thereby warranting a reduction based on the *Donaldson* ratio.  After a careful review, I disagree.

First, Defendant begins its computation with an incorrect figure of 113 hours for the preparation portion of the ratio.  Defendant includes both Plaintiff's hours of preparation and hours of "non-chargeable deposition time."  (ECF NO. 63, p. 4).   As set forth above, all of the time billed by both Attorney Sneath and Attorney Jacobs for their deposition time is reasonable and did not warrant a reduction.  As a result, the figure used by Defendant for the preparation portion of ratio is erroneous.  To be clear, Plaintiff billed 89.1 hours of preparation time.[13]

Next, Defendant suggests the second half of the ratio, the length of the depositions, should be exclusive of breaks.  Applying this premise to the case at hand, Defendant argues the total length of the depositions here was 14.1 hours. [14]  (ECF No. 63, p. 3.)  I find the actual recorded amount of time at the depositions, including breaks, is a more sensible figure to use since various deposition activities occur during breaks (*i.e.* resolution of objections, discussions among counsel, strategic planning, etc.).

---

[12] 49.3 hours / 5 hours = 9.86.

[13] 89.1 hours is derived by adding all of the preparation time set forth in Plaintiff's Exhibit labeled Attorneys' Fees related to 30(b)(6) Depositions. (ECF No. 58, Exhibit).  This same figure, 89.1 hours, is also achieved by taking the total number of hours listed on the Exhibit (127.1 hours) and subtracting the hours billed for attending/taking the depositions (38 hours).  The result leaves the precise number of hours billed only for preparation, 89.1 hours.

[14] I note that 14.1 hours does not match its own calculation of 14.2 hours set forth in footnote 1 of its Response. (ECF No. 63, n. 1).

11

Consequently, I find it is reasonable to use the start and finish times set forth on the transcripts to calculate the actual total length of the depositions. By my calculations, Mr. Mischorr's deposition actually took 6 hours and 44 minutes, Ms. Mosley's deposition actually took 5 hours and 30 mins, and Ms. Manolas' deposition actually took 7 hours. Thus, the actual total length of depositions was 19 hours and 14 minutes, which translates to approximately 19.2 hours.

In *Donaldson,* the court found that 21 hours of preparation time was more than adequate for the depositions that lasted a total of five hours and reduced the hours accordingly. *Id.* This yielded a ratio of 4.2 to 1 in the *Donaldson* case.[15] Without assessing whether the facts of *Donaldson* are analogous to this case so as to warrant the application of Defendant's "ratio" argument and simply applying this formula to the case at hand using the correct figures, the ratio here is approximately 4.6 to 1.[16] This is extremely close to the ratio of 4.2 to 1 that was found to be reasonable in *Donaldson.*[17] Consequently, I find little merit to Defendant's argument that the ratio of preparation time compared to the total length of depositions is excessive and disproportionate.

THEREFORE, I decline to recommend a reduction in fees based on Defendant's unreasonable ratio argument.[18]

### 3. Improperly Allocated Entries

In connection with the fees associated with the Motion to Compel and for Sanctions, Defendant argues that certain tasks logged by the senior partner, Attorney Sneath, should have been completed by someone more junior. (ECF No. 63). In response, Plaintiff suggests that "the relevant inquiry is

---

[15] 21 hours / 5 hours = 4.2.

[16] 89.1 / 19.2  = 4.64.

[17] Even assuming, *arguendo,* I used the 14.2 hours of deposition time Defendant suggests, that would yield a ratio of approximately 6.3 to 1. This ratio is still well below the 9.86 to 1 ratio found to be unreasonable in *Donaldson.* Given the facts and circumstances of this case involving 30(b)(6) depositions and the extremely inadequate discovery productions Plaintiff was contending with in this case, I do not find a 6.3 to 1 ratio to be unreasonable in this case.

[18] Defendant did not object to any specific hours of preparation time as it relates to the 30(b)(6) depositions, and I decline to do so *sua sponte.* *D'Orazio,* 501 Fed. App'x at 188; *Interfaith Cmty. Org.,* 426 F.3d at 711.

reasonableness, not whether the work could have been performed differently." (ECF No. 71, p. 10.). Plaintiff misses the point of Defendant's argument. Defendant is not arguing that the specific work was unreasonable in the sense that it should not have been done or that it should have been performed differently. Rather, Defendant is arguing that a senior partner billing at $700/hour should not be billing for matters that should have been delegated to the junior attorneys Mr. Jacobs (billing at $360/hour) or Mr. Park (billing at $250/hour) or by paralegal Torok (billing at $225/hour). To that end, courts have reduced hours expended by senior attorneys for tasks that should have been performed by someone more junior. *See*, *McDonough v. Leopold & Assocs., PLLC*, No. 2:21-CV-00375-CCW, 2025 WL 2658323, at *5 (W.D. Pa. Sept. 17, 2025).

I have reviewed all of the specific tasks identified by Defendant in its Response. (ECF No. 63, pp. 8-11). With regard to the first three entries identified in Defendant's chart, each relates to the review of the deposition transcripts in order to prepare an outline the Motion to Compel and for Sanctions. *Id.*; see also, ECF No. 58, Exhibit). According to the time logs, Attorney Sneath billed for time to prepare for and to attend and participate in the depositions of all three deponents. Given his professed experience in commercial litigation, I find it is unreasonable for Attorney Sneath to bill for review and study of the same deposition transcripts to prepare a "outline." While it is reasonable for Attorney Sneath to draft an outline of main points to address in a Motion to Compel and for Sanctions, it is not reasonable for Attorney Sneath (to bill at $700/hour) to "review, study and analyze" deposition transcripts to prepare an outline when he just prepared for and attended the same dispositions. At most, review of the transcripts should have been performed by the remaining non-attending attorney at a rate of $250/hour. Unfortunately, Attorney Sneath block billed this entry so it is not readily discernable the time attributed to each task. Upon review, it appears as though the review of the transcripts was the bulk of the entry. As such, I find it reasonable to reduce each entry by 1 hour and bill each of those at Mr. Park's junior attorney rate of $250/hour. THEREFORE, based on the above, I recommend that the log entries by Attorney Sneath on September 12, 2025 (1.4 hours), September 17, 2025 (1.6 hours) and September 18, 2025 (1.4 hours) be reduced as follows:

September 12, 2025:    .4 hours at $700/hour and 1 hour at $250/hour;
September 17, 2025:    .6 hours at $700/hour and 1 hour at $250/hour; and
September 18, 2025:    .4 hours at $700/hour and 1 hour at $250/hour.

13

Defendant further objects to Attorney Sneath's September 18, 2025 entry of 2.2 hours to review and analyze recent supplemental production of document and to make assessments of the same in relation to the Motion to Compel and for Sanctions.  Upon review of the same, I find that as lead counsel, Attorney Sneath was required to have knowledge of the documents produced in this case to develop and formulate his strategies going forward.  This time entry is reasonable and did not require delegation to a junior attorney.  THEREFORE, I recommend that log entry of September 18, 2025 by Attorney Sneath is reasonable and should not be reduced.

Defendant also objects to Attorney Sneath's September 26, 2025 entry of 2.2 hours for "work on drafting and amending parts of our motion for discovery relief and check the deposition transcripts for accuracy of our references; review portions of the CRH designee deposition transcripts for relevant citations."  (ECF No. 63, p. 10).  While I find it reasonable and warranted that Attorney Sneath bill for amending the draft of the motion to compel, I do not believe it is reasonable to bill at $700/hour as a lead attorney for checking deposition transcripts for citation accuracy.  Checking citation accuracy is more appropriately performed by a paralegal.  Unfortunately, Attorney Sneath again block billed this entry so it is not readily discernable the time attributed to each task. In such instance, based on my experience, I find it is reasonable to attribute 1.1 hours to each task with the task of checking citation accuracy at Ms. Torok's rate.  THEREFORE, I recommend that the log entry by Attorney Sneath on September 26, 2025 be reduced as follows: 1.1 hour at $700/hour and 1.1 hour at $225/hour.

 Next, Defendant objects to Attorney Sneath's October 3, 2025 entry of 1.6 hours for "[r]eview analyze[,] draft and exchange several rounds of emails with client and co-counsel and work to make final edits and revisions to motion to compel discovery and for sanctions to ensure that it will be filed today; confirm filing of document."  (ECF No. 63, p. 10).  Reviewing and analyzing drafts of the motion and conferring with a client and co-counsel regarding the motion are properly billed by Attorney Sneath as the lead attorney and did not require delegation to Mr. Jacobs, Mr. Park, or Ms.Torok.  For the same reasons, I find the entry of 1.2 hours on October 17, 2025 is reasonable and does not require delegation.  As lead

14

attorney, however, Attorney Sneath should not be billing for the administrative task of confirming the filing of the motion. *See, Poff v. Prime Care Med., Inc.,* No. 1:13-CV-03066, 2016 WL 3254108, at *12 (M.D. Pa. June 14, 2016)("'It is well-established that time expended to perform clerical work is not recoverable, especially at an experienced attorney's high hourly rate or even paralegal rates.'") Unfortunately, Attorney Sneath block billed this entry. I find a reasonable amount of time for the task of confirming the filing of a document should take no longer than .2 hours to perform. Thus, the entry by Attorney Sneath for October 3, 2025, should be reduced by .2 hours. THEREFORE, I recommend that the log entry on October 3, 2025, be reduced as follows: 1.4 hours at $700/hour.

Defendant also objects to Attorney Senath additional October 3, 2025 entry of 2.1 hours for "work on very lengthy motion to compel additional discovery and documents and motion for sanctions and review of deposition transcripts and discovery responses regarding same in order to make comment and amendments to the motion in its current draft form." *Id.* As lead attorney, it is appropriate and reasonable to expect Attorney Sneath to review and comment on a draft of a motion. Additionally, I also find it reasonable at this stage of drafting for a lead attorney to review discovery responses and transcripts to make informed comments and amendments to the motion. For the same reasons, I find the entry by Attorney Sneath on October, 16, 2025, to be reasonable. Nothing within these entries requires delegation to a junior attorney. THEREFORE, I recommend that this log entry is reasonable and should not be reduced.

As to the remainder of the entries by Attorney Sneath objected to by Defendant (September 18, 2024 for .9 hours, and October 16, 2025 for 1.2 hours), I find reviewing and analyzing drafts of motions and briefs are matters that are properly billed by Attorney Sneath as the lead attorney. As such, these entries do not require delegation to either Mr. Jacobs, Mr. Park, or Ms. Torok. THEREFORE, I recommend that these log entries are reasonable and should not be reduced.

### 4.    <u>Matters Unrelated to the Motion to Compel and for Sanctions</u>

The final objection raised by Defendant relates to fees sought for the hours expended on matters that are unrelated to the Motion to Compel and for Sanctions. (ECF No. 63). Defendant suggests that the specific tasks they identify relate to general discovery or case management rather than matters for which

15

sanctions were imposed. *Id.*at p. 12. The first log entry objected to is an entry by Attorney Sneath on September 8, 2025 for 2.1[19] hours regarding "[w]ork on drafting and amending our discovery responses particularly in light of the recent testimony and in light of the inadequacies in the discovery responses to date by CRH". (ECF No. 63, p. 12). Plaintiff makes no specific response to this objection other than to generally argue that all time logged is reasonable and necessary. Upon review, I agree with Defendant that work related to drafting and amending discovery responses goes beyond the scope of the Order permitting attorney's fees. *See,* Report and Recommendation permitting fees "incurred in connection with preparing the" Motion to Compel and for Sanctions. (ECF No. 47, adopted "in whole" by ECF No. 50). Thus, I find the entry to be improper and excessive, justifying exclusion from the lodestar.

THEREFORE, I recommend that the September 8, 2025 log entry of 2.1 hours by Attorney Sneath be excluded from the lodestar.

The remaining seven other matters specifically objected to by Defendant all involve redacted log entries by Attorney Jacobs. (ECF No. 63). Mindful of the sealed nature of the entries, suffice it to say that I have reviewed each of these matters. After careful consideration, I find that each entry was incurred in connection with the preparation of the Motion to Compel and for Sanctions. I do not find the entries to be improper or unreasonable. THEREFORE, I do not recommend that such time be excluded.

### C. Legal Fees in Connection with This Motion

In its Reply Brief, Plaintiff seeks legal fees, costs, and expenses incurred in connection with preparing the instant motion. (ECF No. 71). Upon consideration of Plaintiff's request, I find that legal fees, costs, and expenses incurred in connection with preparing the pending Motion for Attorney's Fees, including the supplemental briefing and evidence, were necessary for Plaintiff to meet its burden of demonstrating the reasonableness of its hourly rates and hours expended as set forth in well-established Third Circuit law. *See, Interfaith Cmty. Org.,* 426 F.3d at 703 n. 5. Nothing in Plaintiff's briefs persuade

---

[19] Defendant listed the time billed for this task as 1.2 hours. According to the time log, the number of hours billed for this task by Attorney Sneath is 2.1. *Compare* ECF No. 63, p. 12 with ECF No. 58, Exhibit 1.

me that fees associated with the instant Motion justify such an award. As such, I do not find fees and expenses associated with preparing the pending motion is warranted.

THEREFORE, I do not recommend the Plaintiff be awarded legal fees associated with drafting the instant Motion.

Finally, I remind the parties that meet and confer sessions utilizing good faith cooperation and common-sense principles are key to the resolution of discovery disputes. I advise the parties to adhere to these principles in an effort to resolve any future discovery issues.

## III.   RECOMMENDATION

In sum, it is respectfully recommended that Plaintiff's Motion for Attorney's Fees, Costs and Expenses (ECF No. 58) be granted in part and denied in part as more fully set forth herein above. It is also respectfully recommended that Plaintiff be awarded attorney's fees and costs in the total amount of $109,025.51, consisting of:

1.   $58,542.50 for fees and $9,761.01 for costs/expenses related to the 30(b)(6) depositions; and

2.   $33,062.00 for fees and $7660.00 for costs/expenses related to the Motion to Compel and for Sanctions.

If this Report and Recommendation is adopted, it is further recommended that Defendant remit payment of the awarded amount within 14 days of the entry of the Order adopting this Report and Recommendation.

## IV.   OBJECTIONS

Pursuant to Rule 53(f)(2), unless otherwise ordered by Judge Schwab, the parties have 21 days to file objections to this Report and Recommendation. F.R.C.P. 53(f)(2).

Dated: April 17, 2026

**BY THE SPECIAL MASTER:**

_____

Hon. Lisa Pupo Lenihan (ret.)